# United States District Court
# District Of Maryland

Chambers of  
**Ellen Lipton Hollander**  
District Court Judge

101 West Lombard Street  
Baltimore, Maryland 21201  
410-962-0742

September 15, 2016

LETTER TO COUNSEL

      Re:   *Bost et al v. Wexford Health Sources, Inc. et al.*  
             Civil No.:  ELH-15-03278

Dear Counsel:

     This will confirm and amplify the substance of our discussions during the status conference held on September 15, 2016.

     As we discussed, there are pending discovery disputes that have been referred to Judge Gesner.  *See* ECF 76; ECF 86.  In addition, Judge Coulson will conduct a settlement conference in this case in November 2016.  In the meantime, the following schedule will govern, in addition to what has been set forth in the Scheduling Order of April 19, 2016 (ECF 44).

1. A joint status report is due by **December 8, 2016**.

2. The Court will hold another telephone status conference on **December 15, 2016, at 4:30 p.m.**  Plaintiffs' counsel shall initiate the call.

3. Motions in limine are due by **August 4, 2017**.

4. The proposed joint pretrial order; proposed joint voir dire; proposed joint jury instructions; anda  joint proposed verdict sheet shall be due by the close of business on **October 13, 2017.**

   Of course, you may file separately any proposed voir dire questions, jury instructions, and verdict forms upon which you cannot agree.  Copies of all submissions should be sent by Microsoft Word format to my judicial assistant, Karen Warren, at karen_warren@mdd.uscourts.gov   Please be sure to include a table of contents and "boilerplate" instructions with the proposed jury instructions, as well as legal citations for any contested proposed jury instructions.

5. A pretrial conference has been scheduled in chambers on **November 17, 2017, at 4:00 p.m.**

6. Trial (jury, 15 days) will commence on **December 4, 2017**. Counsel are directed to report to chambers at 9:30 a.m. on that date.

Set forth below are instructions pertinent to your pretrial and trial preparation.

**Guaranteeing Witness Availability**

Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists in the pretrial order, in accordance with Local Rule 106.2.i., as "expecting to present" at trial.

**Disclosure of Opinions of Expert Witnesses**

In addition to the information required by Local Rule 106.2.j, the pretrial order shall include for each party a concise summary of the opinion testimony expected from each witness identified by that party, pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) who may testify at trial. The parties shall identify those witnesses designated pursuant to Rule 26(a)(2)(A) separately from those designated pursuant to Rule 26(a)(2)(B).

**Exhibits**

Please be prepared to advise me at the pretrial conference if there are any objections to the documents and exhibits listed in the pretrial order, in accordance with Local Rule 106.2.h. Any objections not disclosed at that time, other than objections under Fed. R. Evid. 401 and 403, shall be deemed waived at trial, unless excused for good cause shown.

All exhibits must be tagged and numbered prior to trial in accordance with Local Rule 106.7.a. You must meet with one another prior to trial to review and make available for copying one another's exhibits in accordance with Local Rule 106.7.b.

**Use of Courtroom Equipment**

Please be prepared to advise me at the pretrial conference if you would like to use at trial any courtroom technologies.

**Trial Instructions**

Please read carefully the attached memorandum, entitled "Instructions To Counsel Re Trial Procedure And Conduct." You are responsible for knowing the contents of these instructions and all of the provisions of Local Rule 107 concerning trial conduct.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk shall docket it as such.

Sincerely,

/s/
Ellen Lipton Hollander
United States District Judge