IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHARON BOST, in her individual capacity and as personal representative of the ESTATE OF FATIMA NEAL, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:15-cv-03278-ELH |
| WEXFORD HEALTH SOURCES, INC., et al., | * | |
| | | Hon. Ellen L Hollander |
| | * | |
| Defendants. | | Hon. A. David Copperthite |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## LOCAL RULE 104.7 CERTIFICATE

I, Tony Balkissoon, certify that:

1. On May 12, 2016, Plaintiff propounded Requests for Production of documents on Wexford Health Sources, Inc. Wexford responded to those requests on July 11, 2016. The documents Wexford produced referred to other documents, pertaining to quality improvement audits of Wexford's services. But the audit documents themselves were not produced.

2. On October 19, 2016, Plaintiff wrote to Wexford to note the deficiency and specifically request the audit documents. On November 8, 2016, Wexford responded, declining to produce the audit documents, and giving its reasons. On November 23, 2016, the parties conferred—through counsel Sarah Grady for Plaintiff, and Samuel Wolf for Wexford—but were unable to reach agreement. Plaintiff sent a letter of the same date, memorializing the conversation.

3. The parties brought the dispute to the Court's attention in the Status Report filed on December 8, 2016. As the parties mentioned, they worked attempted to resolve this dispute by agreement, but had reached an impasse.

4. On January 5, 2017, pursuant to Local Rule 104, Plaintiff served a Motion to Compel and supporting memorandum on Wexford. Wexford responded on January 26, 2017, and Plaintiff replied on February 9, 2017.

5. Pursuant to Local Rule 104.8, the parties conferred telephonically after service of all of the documents relating to the motion to compel. The conference took place on February 10, 2017, at 10:00 a.m., and included Michael Sloneker and Megan McGinnis for Wexford, Tony Balkissoon for Plaintiff, and Laura Mullally for the State Defendants. The parties were not able to resolve this dispute by agreement and require Court resolution.

6. The issue for the Court to resolve is whether notwithstanding its discovery obligations, Wexford can refuse to turn over certain audit documents that Plaintiff requested—including for example "QMP" records, documents relating to Wexford's "Continuous Quality Improvement" program, and other audits and quality improvement records.

7. Enclosed with this certificate are the following documents, which have been served between the parties pursuant to Local Rule 104.8:

    a. Plaintiff's Motion to Compel

    b. Plaintiff's Opening Memorandum

    c. Exhibits to Plaintiff's Opening Memorandum

    d. Wexford's Response Memorandum

    e. Exhibits to Wexford's Response Memorandum

    f. Plaintiff's Reply Memorandum

    g. Exhibits to Plaintiff's Reply Memorandum

I declare under penalty of perjury, that the foregoing is true and correct.

Respectfully submitted,

/s/ Tony Balkissoon
Tony Balkissoon
Attorney for Plaintiff

Arthur Loevy
Michael Kanovitz
Anand Swaminathan
Steven Art
Sarah Grady
Tony Balkissoon
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
Phone No.: (312) 243-5900
Fax No.: (312) 243-5902
tony@loevy.com


Masai D. McDougall
Fareed Nassor Hayat
Norrinda Hayat
THE PEOPLE'S LAW FIRM
14908 Notley Avenue
Silver Spring, Maryland 20905
Phone No.: (301) 384-2198

**CERTIFICATE OF SERVICE**

    I, Tony Balkissoon, an attorney, hereby certify that, on February 10, 2017, I filed the foregoing Local Rule 104.7 Certificate using the Court's CM-ECF system, which effected service on all counsel of record. I further certify that within one business day of this filing, I will cause the same to be served on Defendant Cierra Ladson at the address she provided the Court (Doc. No. 60).

        /s/ Tony Balkissoon
        Tony Balkissoon
        Attorney for Plaintiff