IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHARON BOST, in her individual capacity and as personal representative of the ESTATE OF FATIMA NEAL, | * * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:15-cv-03278-ELH |
| WEXFORD HEALTH SOURCES, INC., et al., | * | Hon. Ellen L Hollander |
| Defendants. | * * | Hon. A. David Copperthite |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION TO COMPEL
DEFENDANT CIERRA LADSON TO SIT FOR A
DEPOSITION AND PAY PLAINTIFF'S REASONABLE EXPENSES**

Plaintiff SHARON BOST, in her personal capacity and as personal representative of the ESTATE OF FATIMA NEAL, by her attorneys, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, respectfully moves the Court to compel Defendant Cierra Ladson to sit for a deposition before August 31, 2017, and to pay Plaintiff's reasonable expenses. In support, Plaintiff states as follows:

As the Court is aware, Plaintiff's daughter, Fatima Neal, died while in custody at the Baltimore City Detention Center. In this civil-rights suit, Plaintiff sued the jail's medical provider and certain of its employees, and Plaintiff also sued certain of the jail's correctional officers. All of the correctional officers are either current or former employees of the State of Maryland, and all but one are

represented by the Maryland Office of the Attorney General. The exception is Defendant Cierra Ladson. (See ECF 21, 23–24, 26–27.)

Plaintiff sought to take Defendant Ladson's deposition. Though she was aware of the time and place, and raised no objection or scheduling concern, Defendant Ladson failed to appear.[1] Counsel for all parties were present, a court reporter was present (at Plaintiff's expense), and Plaintiff's counsel had traveled from Washington, D.C., to Baltimore to take the deposition.

Under the Federal Rules of Civil Procedure, a range of sanctions is available to the Court under these circumstances, including the entry of a default judgment against Defendant Ladson. FED. R. CIV. P. 37(d). But the information Ladson possesses is important to the case in general—its relevance is not cabined to the claims against Defendant Ladson personally.[2] So her deposition testimony is essential. Civil defendants are not permitted to ignore notice of their depositions in

---

[1] On July 31, 2017, Plaintiff properly gave Ladson notice of her deposition by serving her with a subpoena for her deposition by leaving the subpoena with an adult at the address that Ladson provided in a letter she wrote to the Court. (ECF 60 (Ladson's letter); Exhibit A (July 31 subpoena and affidavit).) That address is current. Ladson has an ongoing obligation to provide the Court with her address (Local Rule 102.1.b) and has never given any indication that her address changed. Furthermore, the adult who accepted the subpoena was Ladson's brother, and he gave no indication that Ladson lived anywhere else. Following service of the subpoena, Ladson called Plaintiff's counsel, said that she could not appear for her deposition, and hung up.

On August 14, 2017, Plaintiff again attempted to secure Ladson's appearance at her deposition. Plaintiff left a notice of deposition and subpoena at Ladson's address. (Exhibit B (copy of notice of deposition and subpoena, along with affidavit of service).) Plaintiff then left a voicemail asking Ladson to call back if she was unavailable at the noticed time and place. Ladson never called. She did not appear for her deposition.

[2] Ladson was present when Fatima Neal was unresponsive and foaming at the mouth early in the morning on November 4, 2012. Ladson's note says that she "notified" the infirmary nurse that Ms. Neal needed help. (Exhibit B (Ladson's note).) But there is evidence in the case that she in fact had to wake that nurse up because the nurse was asleep on the job. (See ECF 178-8 (Detainee Statements) at 00145; 178-4 (Frye Declaration) at NEAL 000897.)

federal cases, and Defendant Ladson's deposition testimony should be compelled. See, e.g., *Blackwell v. Houser*, No. 5:16-CV-67-FDW, 2017 WL 392184 at *1–2 (W.D.N.C. Jan. 27, 2017) (compelling a party to sit for a deposition and pay reasonable expenses, where that party had received a notice of deposition in the mail and made no objection before the scheduled time); *Reese v. Virginia Int'l Terminals, Inc.*, 286 F.R.D. 282, 286–87 (E.D. Va. 2012) (compelling parties to sit for depositions that had been scheduled through deposition notices).

Because Plaintiff has already incurred the expense of a first deposition—which Defendant Ladson unjustifiably ignored—Defendant Ladson should be made to pay Plaintiff's reasonable expenses, as permitted under Rule 37(d)(3). Accordingly, Plaintiff asks the Court to order reimbursement of the costs of travel and court-reporting services.

WHEREFORE Plaintiff respectfully requests that the Court compel Defendant Ladson to sit for a deposition before August 31, 2017, and to pay Plaintiff's reasonable expenses.

Respectfully submitted,

/s/ Tony Balkissoon
Tony Balkissoon
One of Plaintiff's Attorneys

Arthur Loevy
Michael Kanovitz
Anand Swaminathan
Steven Art
Sarah Grady
Tony Balkissoon

LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
Phone No.: (312) 243-5900
Fax No.: (312) 243-5902
tony@loevy.com

Masai D. McDougall
Fareed Nassor Hayat
Norrinda Hayat
THE PEOPLE'S LAW FIRM
14908 Notley Avenue
Silver Spring, Maryland 20905
Phone No.: (301) 384-2198

**CERTIFICATE OF SERVICE**

    I, Tony Balkissoon, an attorney, hereby certify that, on August 15, 2017, I filed the foregoing using the Court's CM/ECF system, which effected service on all counsel of record. I further certify that within one business day of filing, I will cause the same to be served on Defendant Cierra Ladson via U.S. Mail at the address she provided the Court (Doc. No. 60).

                                      /s/ Tony Balkissoon
                                      Tony Balkissoon
                                      One of Plaintiff's Attorneys