IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHARON BOST, individually and as personal
representative of the ESTATE OF FATIMA
NEAL,

    *Plaintiff*,

    v.

WEXFORD HEALTH SOURCES, INC., et al.

    *Defendants*.

Civil Action No. ELH-15-3278

**MEMORANDUM**

This Memorandum addresses the Objection (ECF 178) filed by plaintiff Sharon Bost as

to discovery rulings made by U.S. Magistrate Judge A. David Copperthite. *See* ECF 166; ECF

171; ECF 176. No hearing is necessary to resolve the Objection. *See* Local Rule 105.6. For the

reasons that follow, I shall deny the Objection.

## I.    Factual Background[1]

This action arises from the unfortunate death of Fatima Neal (the "Decedent") in 2012,

who suffered a stroke while she was detained at the Baltimore City Detention Center ("BCDC").

Sharon Bost, the Decedent's mother, filed this suit on October 27, 2015, both individually and as

the personal representative of the Estate of Neal. ECF 1.[2]

In the First Amended Complaint (ECF 56) ("Amended Complaint"), which is the

operative pleading, Bost sued a host of defendants: Wexford Health Sources, Inc. ("Wexford");

---

[1] The facts set forth are limited to those pertinent to the Objection. I also incorporate
herein the factual background set forth in my Memorandum Opinion of May 8, 2017. ECF 159.

[2] The parties sometimes refer to "plaintiff" and to "plaintiffs." Although Ms. Bost is the
sole plaintiff, she is a plaintiff in two distinct capacities. I shall refer to Ms. Bost as the plaintiff,
*i.e.*, in the singular.

the State of Maryland ("State"); BCDC; medical staff employed by Wexford, including Anike Ajayi, R.N.; Elizabeth Obadina, R.N.; Ebre Ohaneje, R.N.; Najma Jamal, R.N.; Karen McNulty, R.N.; Andrea Wiggins, P.A.; Getachew Afre, M.D.; Jocelyn El-Sayed, M.D.; Obby Atta, C.R.N.P.; twenty-five unnamed medical service providers; various BCDC employees, including Shavella Miles, Carol McKnight, Valerie Alves, Cierra Ladson, Gwendolyn Oliver, Carolyn Atkins, Rickey Foxwell, Carol Harmon, and twenty-five unnamed "custody officers" at BCDC. *Id.* ¶¶ 40-48.[3]  I shall refer collectively to the individual health care providers as the "Medical Defendants."   And, I shall refer to the BCDC employees collectively as the "Custody Defendants."

In the Amended Complaint, Bost asserted several claims for relief.  The "First Claim for Relief," lodged against all defendants, is brought under 42 U.S.C. § 1983 for the denial of adequate medical care, in violation of the Eighth and Fourteenth Amendments.  ECF 56, ¶¶ 153-68.  The Second Claim for Relief is brought only against Wexford under 42 U.S.C. § 1983, alleging an unconstitutional policy and practice of denial of medical care (the "*Monell* Claim"). *Id.* ¶¶ 169-86.  *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  The Third Claim for Relief, against all defendants, asserts a claim under Article 24 of the Maryland Declaration of Rights for deprivation of life without judgment of one's peers.  *Id.* ¶¶ 187-206.  In her fourth claim, Bost alleged a claim against Wexford and the Medical Defendants for medical malpractice.  *Id.* ¶¶ 207-17.  The fifth claim asserted negligence against the State, BCDC, and the Custody Defendants.  *Id.* ¶¶ 218-25.  In addition, as to all defendants, Bost asserted a sixth claim

---

[3] There are discrepancies in the ways that plaintiff and defendants spell the defendants' names, as well as internal discrepancies in defendants' submissions.  For example, Foxwell spells the first name as "Ricky."  *See, e.g.*, ECF 90; ECF 135. And, Wiggins spells her first name as "Andria."  *See, e.g.*, ECF 49; ECF 130-6.

for intentional infliction of emotional distress (*id.* ¶¶ 226-37) and a seventh claim for wrongful death. *Id.* ¶¶ 238-43.[4]

The Court circulated a proposed scheduling order on March 9, 2016. ECF 30. Thereafter, the Court discussed the proposed scheduling order with counsel during a telephone conference held on April 18, 2016. *See* Docket. My notes of that conference reflect – and I recall – that during the telephone conference plaintiff asked for 150 deposition hours. I do not recall any objection. Nevertheless, I expressed to counsel my view that 150 hours of depositions appeared excessive. Although I agreed to 100 hours of depositions, I indicated that, in a case of this kind, 100 hours is quite generous. However, in my notes, I wrote that the number of deposition hours could be increased, "if needed." In addition, in lieu of the initial proposed discovery deadline of August 17, 2016 (ECF 30 at 3), defendants sought 18 months to complete discovery, while plaintiff sought 15 months.

The Scheduling Order followed on April 19, 2016. ECF 44. It sets a discovery deadline of June 30, 2017, consistent with plaintiff's request. *Id.* at 2. In addition, the Scheduling Order provided for 100 hours of depositions exclusive of for *fact* witnesses, *i.e.*, experts. *Id.* at 3.

During the first three months of 2017, the parties filed several discovery motions. *See* ECF 128 (plaintiff's motion to compel); ECF 131 (Wexford's motion for protective order); ECF 136 (Custody Defendants' motion for protective order); ECF 150 (plaintiff's motion to compel); ECF 154 (motion for extension of time to complete discovery and extension of allotted

---

[4] On August 31, 2016, Judge Motz dismissed Bost's claims against the State, BCDC, and the Custody Defendants, in their official capacities, based on Eleventh Amendment immunity. ECF 89. Judge Motz also dismissed Bost's claim for negligence against the Custody Defendants in their individual capacities. *Id.*

deposition hours).[5]  The Objection pertains to Judge Copperthite's rulings as to Bost's "Motion For An Extension Of Discovery Deadlines And Allotted Deposition Hours," filed on March 13, 2017.  ECF 154 ("Motion for Extension").

In the Motion for Extension, plaintiff sought an additional 60 days to complete discovery, "starting on the date that the last of the currently pending discovery motions are resolved," and an additional 50 hours of deposition time.  *Id.*  According to plaintiff, an extension of the discovery deadline and provision of additional deposition hours are warranted because of alleged obstructionism in discovery on the part of Wexford, in addition to the pendency of several discovery disputes.  ECF 154-1 at 25-26.  Plaintiff claimed that without an extension, she would "suffer substantial prejudice."  *Id.* at 26.

While the various discovery motions were pending, Wexford and the Medical Defendants (ECF 130) and the Custody Defendants (ECF 135) moved to bifurcate plaintiff's *Monell* Claim, and to stay discovery as to that claim.  By Memorandum Opinion (ECF 159) and order (ECF 160) of May 8, 2017, I granted ECF 130 and ECF 135.  In my Memorandum Opinion, I explained that bifurcation of the *Monell* Claim was appropriate in order to conserve resources, promote judicial efficiency, and to avoid a significant risk of prejudice to the individual defendants.  ECF 159 at 27.  In addition, I determined that after the resolution of the claims against the individual defendants, the Court will issue a scheduling order concerning the *Monell* Claim, providing a reasonable period for discovery and for the filing of dispositive motions.  *Id.*

Shortly after I resolved the motions to bifurcate and stay discovery, Judge Copperthite issued several orders resolving the pending discovery disputes.  In particular, in ECF 161, Judge

---

[5] Discovery disputes were initially resolved by Magistrate Judge Beth Gesner.  *See* docket; *see also* ECF 106; ECF 108.  However, discovery matters were subsequently reassigned to Magistrate Judge Copperthite on December 16, 2016.  *See* docket.

Copperthite denied plaintiff's motion to compel (ECF 128), "without prejudice in light of Court's Ruling [in] ECF 159." In ECF 162, Judge Copperthite denied Wexford's motion for protective order (ECF 131), without prejudice. In ECF 163, Judge Copperthite denied the Custody Defendants' motion for protective order (ECF 136), without prejudice. And, in ECF 164, Judge Copperthite denied plaintiff's second motion to compel (ECF 150), "without prejudice in light of Court's Ruling [in] ECF 159." In ECF 166, Judge Copperthite denied the Motion for Extension (ECF 154), without prejudice, "in light of the Court's Ruling [in] ECF 159-60."

On June 5, 2017, plaintiff filed an objection (ECF 167) to Judge Copperthite's ruling (ECF 166) denying the Motion for Extension (ECF 154). Plaintiff also filed an objection (ECF 168) to Judge Copperthite's ruling (ECF 161) denying plaintiff's motion to compel (ECF 128). By Order of June 8, 2017 (ECF 169), Judge Copperthite rescinded his rulings (ECF 161; ECF 166) underlying the objections. In view of Judge Copperthite's Order rescinding ECF 161 and ECF 166, I denied the two objections (ECF 167; ECF 168) as moot, without prejudice, by Order of June 8, 2017. ECF 170. Thereafter, Judge Copperthite issued an eight-page letter order concerning the motion to compel (ECF 128) and the Motion for Extension (ECF 154). ECF 171.

Specifically, Judge Copperthite granted in part and denied in part plaintiff's motion to compel (ECF 128). *Id.* at 1. He said: "[T]his Court finds that Plaintiffs' requests are, for discovery purposes, relevant to the claims of the individual medical defendants alleged." *Id.* at 3. Judge Copperthite also said: "Discovery will therefore be permitted, subject to any limitations set forth in this Order, so long as the discovery sought by Plaintiff is not privileged." *Id.* Accordingly, he granted the motion to compel as to additional depositions of Afre and McNulty, allowing four hours for Afre's deposition and two hours for McNulty's deposition. *Id.* But,

Judge Copperthite denied the motion to compel as to Jamal, Ohaneje, Ajayi, and Harmon, for reasons explained in his letter order. *Id.*

In addition, Judge Copperthite extended the discovery deadline to August 15, 2017. *Id.* at 8. He said, *id.*:

> It is important to note here that this case has lingered in discovery and motions since its filing in October of 2015. While one may argue that the delay may not be unusual given the nature of the case and the complexities of individual medical defendants and Wexford, this Court has a vested interest in moving this case toward conclusion.

On June 26, 2017, plaintiff filed a request for a status conference to seek "clarification of the Court's June 19, 2017 decision granting in part and denying in part Plaintiff's motion to compel and motion for an extension of discovery deadlines and deposition hours." ECF 172. In particular, plaintiff said, *id.* at 1:

> Although the court ruled on Plaintiff's request for additional hours to question each party Defendant about investigations into Ms. Neal's death, the Court's ruling did not address Plaintiff's request – made not as part of her motion to compel but instead as part of her motion for an extension of discovery deadlines – for additional deposition hours to complete the depositions of certain crucial third party and unrepresented witnesses . . . .

Plaintiff noted that in ECF 154, she sought an additional 30 hours of non-*Monell* depositions, but stated that Judge Copperthite's Order (ECF 171) "does not expressly grant, nor does it expressly deny, the additional 30 hours sought . . . ." ECF 172 at 1.

The Custody Defendants (ECF 174) and Wexford (ECF 175) responded in opposition to plaintiff's request. Wexford stated: "Rather than simply asking for a conference to clarify the Court's June 19, 2017 Order, Plaintiff appears to seek reconsideration of that Order, rearguing the merits of her original motion . . . ." ECF 175. And, the Custody Defendants said, ECF 174 at 2: "By way of this status conference call, Plaintiffs jump from proposing the reallocation of 6 hours to requiring 30 additional hours without providing any reasons for the five-fold increase."

By Order of June 28, 2017, Judge Copperthite clarified his previous ruling concerning the Motion for Extension. ECF 176.  He said, *id.*:

> To clarify the Court's previous Order, (ECF 171), the request for 30 additional deposition hours in what was construed as Plaintiffs [sic] motion for an extension of discovery deadlines is DENIED. These witnesses were known to Plaintiff and Plaintiff chose not to depose them in the somewhat generous 100 hours total deposition time allotted to Plaintiff.  The remainder of the Court's Order (ECF 171) remains in effect and unchanged by this clarification requested by Plaintiff.

Bost's Objection to Magistrate Judge Copperthite's Orders concerning the Motion for Extension followed.  ECF 178.  The Objection is supported by many exhibits.  ECF 178-1 through ECF 178-35.  Wexford and the Medical Defendants have responded in opposition (ECF 180) to the Objection, with two exhibits.  ECF 180-1 and ECF 180-2.  The Custody Defendants have also opposed the Objection.  ECF 185.  Bost has not replied, and the time for her to do so has elapsed.  *See* Local Rule 105.2(a).

## II.    Discussion

Fed. R. Civ. P. 72(a) provides that within fourteen days, a party may object to a magistrate judge's ruling on non-dispositive matters, such as discovery orders.  *Id.*; *see* 28 U.S.C. § 636(b)(1)(A); Local Rule 301.5(a); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 792 (E.D. Va. 2008). Rule 72(a) provides that the district court should only overrule the magistrate judge if the contested order is "clearly erroneous or is contrary to law."  *Id.*; *see Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002).

"Under the clearly erroneous standard, the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence.  Nor is it to substitute its own conclusions for that of the magistrate judge.  Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the

evidence." *Huggins v. Prince George's Cnty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010) (citations omitted).

Notably, "[i]t is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan*, 206 F.R.D. at 124. Indeed, "it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." C. Wright and A. Miller, *Federal Practice and Procedure Civil* (2d ed.), § 3069 at 395-97.

Because the discovery deadline and limitation on deposition hours were set in the Scheduling Order, Fed. R. Civ. P. 16(b)(4) is pertinent. It provides that a scheduling order "may be modified only for good cause and with the judge's consent." *See also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").

Fed. R. Civ. P. 26(b)(2)(C) is also relevant. It provides, in relevant part: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Notably, the Fourth Circuit has said: "A district court has 'wide latitude in controlling discovery and . . . its rulings will not be overturned absent a showing of clear abuse of discretion.'" *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003) (quoting *Ardrey v. United Parcel Service,* 798 F.2d 679, 682 (4th Cir. 1986)) (alterations in *Rowland*).

Plaintiff appears to challenge each of Judge Copperthite's three orders (ECF 166; ECF 171; ECF 176) pertaining to the Motion for Extension (ECF 154).[6]  As to Judge Copperthite's Order of May 22, 2017 (ECF 166, "First Order"), denying the Motion for Extension, without prejudice, plaintiff claims that Judge Copperthite clearly erred because he did not provide any reasoning for his decision.  ECF 178 at 6.  In addition, plaintiff states, *id.* at 7: "Defendants actually conceded that additional deposition time was necessary because they improperly objected and instructed witnesses not to answer questions that should have been answered." (Citing ECF 156 at 28).  Given defendants' concessions and the limited nature of the Court's ruling concerning bifurcation (*see* ECF 159; ECF 160), plaintiff contends that "it was clearly erroneous for the Magistrate Judge to deny Plaintiff's motion with no explanation other than to reference the bifurcation order."  ECF 178 at 7.

With respect to Judge Copperthite's Order of June 19, 2017 (ECF 171, "Second Order"), plaintiff states: "The order contains no explicit conclusion concerning additional deposition hours, and the substance of the eight-page order is entirely directed at issues concerning the motion to compel . . . ."  ECF 178 at 8.  According to plaintiff, *id.*: "Nowhere does the order discuss the issues salient to additional deposition hours and an extension of discovery—namely, the complexity of the case, Plaintiff's diligence in pursuing discovery, and Defendants' strategic and improper obstructionism."

And, as to Judge Copperthite's Order of June 28, 2017 (ECF 176, "Third Order"), plaintiff states that Judge Copperthite did not "issue an order addressing in depth the issues

---

[6] From my review, plaintiff does not specifically state which of Judge Copperthite's orders she claims was "clearly erroneous."  But, she seems to challenge each order.  *See* ECF 178 at 6-9.  And, she says that Judge Copperthite's "***orders*** are clearly erroneous", indicating that she challenges more than one order.  *Id.* at 9 (emphasis added).  Accordingly, out of an abundance of caution, I shall assume that plaintiff intends to challenge each of Judge Copperthite's orders pertaining to the Motion for Extension (ECF 154).

salient to additional deposition hours and a discovery extension." ECF 178 at 8. Plaintiff states, *id.*: "Instead, in a single sentence, the Magistrate Judge explained that the additional hours were denied because the witnesses who have not yet been deposed 'were known to Plaintiff and Plaintiff chose not to depose them in the somewhat generous 100 hours total deposition time allotted to Plaintiff.'" *Id.* (quoting ECF 176). Thus, plaintiff concludes, ECF 178 at 8: "Like the Magistrate Judge's first two orders, this one said nothing about the complexity of the case, the discovery developed so far, Plaintiff's diligence in pursuing discovery, or Defendants' strategic obstruction of discovery.[1]" *Id.*

Wexford and the Medical Defendants contend that Judge Copperthite's orders were not clearly erroneous. They claim that plaintiff's contention that the Second Order failed to address the Motion for Extension is "bizarre" because Judge Copperthite specifically extended the discovery deadline to August 15, 2017. ECF 180 at 5. And, to the extent that plaintiff claims that the Second Order failed to address her request for additional deposition hours, Wexford and the Medical Defendants argue that the "error was . . . clearly remedied by virtue of the Court's [Third] Order, which explicitly denied the request." *Id.*

As to Ms. Bost's claim that the orders lack a sufficient explanation, Wexford and the Medical Defendants note that the Third Order "specifically stated that the witnesses Plaintiff sought to depose with those additional hours 'were known to Plaintiff and Plaintiff chose not to depose them in the somewhat generous 100 hours total deposition time allotted to Plaintiff.'" *Id.* Wexford and the Medical Defendants claim that plaintiff has failed to show why Judge Copperthite's explanation is insufficient. *Id.* Citing Fed. R. Civ. P. 26(b)(2)(C)(ii), Wexford and the Medical Defendants state: "[A]lthough concise, not only is the magistrate judge's ruling well within the broad discretion afforded to him in resolving non-dispositive discovery disputes, but

also, the explanation he offered in support thereof provided a sufficient legal basis for that ruling." ECF 180 at 5.

The Custody Defendants' opposition advances arguments similar to those contained in the opposition filed by Wexford and the Medical Defendants. ECF 185. They argue that plaintiff has "failed to establish . . . that the order issued by the magistrate, ECF No. 176, was 'clearly erroneous or contrary to law.'" ECF 185 at 5 (citation omitted). In the Custody Defendants' view, Judge Copperthite's orders are not clearly erroneous because the identities of all of the witnesses sought for depositions were known to plaintiff. *Id.* at 6. Further, the Custody Defendants claim that the depositions "[w]ere not pursued until many months had passed, and a great number of deposition hours had been expended." *Id.* And, the Custody Defendants note: "Plaintiffs makes no claim that the Custody Defendants have thwarted their pursuit of discovery." *Id.*

As an initial matter, I decline to consider any challenge to Judge Copperthite's First Order (ECF 166) because that order was rescinded by ECF 169. As to the Second Order and the Third Order, I conclude that Judge Copperthite was not clearly erroneous in denying the Motion for Extension.

Ms. Bost has presented virtually no grounds on which the Court could conclude that Judge Copperthite erred. In the Second Order (ECF 171), Judge Copperthite extended the discovery deadline to August 15, 2017. To the extent that plaintiff claims that the Second Order was clearly erroneous because it did not resolve the request for 30 additional deposition hours,

that error was cured by the Third Order; in the Third Order (ECF 176), Judge Copperthite expressly denied the request for an additional 30 hours of depositions. *See id.*[7]

The only other assignment of error made by plaintiff appears to be that Judge Copperthite's Third Order made no reference to "the complexity of the case, the discovery developed so far, Plaintiff's diligence in pursuing discovery, or Defendants' strategic obstruction of discovery.[1]" ECF 178 at 8. In support, plaintiff points to two cases that stand for the proposition that a ruling is insufficient for review under the clear error standard where the judge did not provide reasons. *Id.* at 6; *see United States v. Wilkinson*, 590 F.3d 259, 269 (4th Cir. 2010) ("[T]he district court did not provide us anything close to a sufficient explanation of its rationale in making its loss finding with respect to [the third party] that would enable us to review [the award of restitution] under the clearly erroneous standard."); *Troxler Elxtronics Labs, Inc. v. Solitron Devices, Inc.*, 722 F.2d 81, 85 (4th Cir. 1983) (stating that the Court could "hardly determine whether the 'clearly erroneous' rule should insulate [a] finding of fact without some insight into the District Court's reasoning"). Notably, neither *Wilkinson* nor *Troxler* pertained to discovery decisions.

In any event, although it may be true that a court cannot review a ruling for clear error when that ruling provides *no* rationale or explanation, that is far from the case here. To the contrary, Judge Copperthite specifically gave his reason for the denial of 30 additional deposition hours. As noted, in ECF 176 he said: "These witnesses were known to Plaintiff and Plaintiff chose not to depose them in the somewhat generous 100 hours total deposition time allotted to Plaintiff." *Id.* This explanation is consistent with the "good cause" standard of Rule 16(b)(4) and the right of a judge to limit discovery under Rule 26(b)(2)(C)(ii). And, as to plaintiff's

---

[7] As noted, in regard to the motion to compel (ECF 128), Judge Copperthite had granted six additional hours of depositions for two witnesses. ECF 171.

request for an extension of discovery, Judge Copperthite did extend discovery by approximately 45 days in the Second Order. ECF 171 at 8. Moreover, in granting an extension of the discovery deadline, but only to August 15, 2017, Judge Copperthite explained, *id.*: "[T]his Court has a vested interest in moving this case toward conclusion." This, too, is consistent with the "good cause" standard of Rule 16(b)(4).

In *Wooton v CL, LLC.*, 504 Fed. App'x 220 (4th Cir. 2013), the Fourth Circuit affirmed a district court's brief statement denying a plaintiff's motion to extend the time for discovery. *Id.* In that case, the court had first granted a joint motion for an extension of time for discovery, but declined to grant a second motion filed by the plaintiff. *Wooton v. CL, LLC*, 2:09-CV-34-FL, 2010 WL 5477192, at *5 (E.D.N.C. Dec. 29, 2010). In denying the plaintiff's motion for a second extension, the district judge said, *id.* at *5:

> The court finds that good cause does not exist to further extend the deadlines for discovery or for filing dispositive motions. These deadlines, along with several others set forth in the court's original scheduling order, have already been extended once.[1] And despite this extension, it appears that plaintiff has failed to diligently use the additional time allotted to complete the necessary discovery.

In affirming the district court, the Fourth Circuit said, *Wooton*, 504 Fed. App'x at *223-24 (alterations in *Wooton*):

> [T]he district court determined that Wooton had "failed to diligently use the additional time allowed [by an earlier extension of discovery] to complete the necessary discovery." Order II at 9. The reasons Wooton offers for needing additional discovery—such as to review discovery materials and take additional depositions—are insufficient to show that the district court abused its discretion in refusing to grant his motion.

Like the district judge in *Wooton*, Judge Copperthite explained that he denied the request for 30 additional deposition hours because plaintiff had known about the other witnesses and chose not to depose them in the "generous 100 hours total deposition time" provided by the

-13-

Court in the Scheduling Order. ECF 176. And, he explained that he only granted an extension of the discovery deadline to August 15, 2017, in order to move the case toward conclusion. ECF 171 at 8.

Contrary to plaintiff's argument, I am unaware of any rule requiring a judge to write a detailed exposition on every discovery issue in every case. Such a rule would prevent federal courts from functioning effectively and efficiently, and would multiply the time for cases to reach resolution. In short, Judge Copperthite's ruling concerning the Motion for Extension is not so brief as to lack reason and foundation, preventing the Court from reviewing it for clear error. *Cf. Wilkinson*, 590 F.3d at 269.

Furthermore, I note that plaintiff has expended much effort in her Objection attempting to relitigate the merits of the Motion for Extension. *See* ECF 178 at 9-29. As indicated, in the context of an objection, it is not the role of the district judge to rehear the arguments that were before the magistrate judge and to render a *de novo* decision. *Buchanan*, 206 F.R.D. at 124. Rather, it is to determine whether the magistrate judge's decision was reasonable and supported by evidence. *Huggins*, 750 F. Supp. 2d at 559. Given this standard, I see no basis to disturb Judge Copperthite's rulings; they were reasonable and supported by evidence.

Finally, in a footnote, plaintiff has asked the Court, in the event the Court denies the Objection, to permit her to "re-allocate the 6 hours of deposition time that Magistrate Judge Copperthite granted . . . ." ECF 178 at 29 n. 10. The Court takes no position on this request. It must be presented to Judge Copperthite in the first instance, consistent with the discovery referral.[8]

---

[8] To my knowledge, although plaintiff has requested a status conference with Judge Copperthite, she has not specifically requested Judge Copperthite to allow her to use the six deposition hours for witnesses other than the two approved by Judge Copperthite. *See* docket.

### III.    Conclusion

In view of the foregoing, I conclude that Judge Copperthite did not act contrary to law or the evidence in issuing his rulings (ECF 171; ECF 176) concerning the Motion for Extension (ECF 154).  And, as noted, plaintiff's challenge to the First Order (ECF 166) is moot given that the First Order (ECF 166) was rescinded.  ECF 169.  Accordingly, I shall DENY the Objection (ECF 178).

An Order follows, consistent with this Memorandum.

Date:   August 16, 2017

_____/s/_____
Ellen Lipton Hollander
United States District Judge