**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
(410) 962-0868 FAX
MDD_ADCchambers@mdd.uscourts.gov

May 1, 2020

TO ALL COUNSEL OF RECORD

    Re: *Sharon Bost, et al. v. Wexford Health Sources, Inc., et al.*
        Civil No. ELH-15-3278

Dear Counsel:

    This matter was referred to me for discovery on December 16, 2016, *see* Docket entry December 16, 2016. On February 20, 2020, Defendant State of Maryland (DPSCS) filed a Motion for a Protective Order. ECF 491. Plaintiff responded. ECF 494. Defendant has filed a reply. ECF 501. The motion has been properly briefed and there is no need for a hearing. Local Rule 105.6. For the reasons set forth below, the Motion (ECF 491) is GRANTED.

    The information at issue is described in paragraph 11 of the subpoena. ECF 491. Exh. A.

    "Documents created between November 1, 2007 and the present relating to the allegations in *Duvall v. Hogan*, No. 94-cv-2541 (D.Md.) that the provision of medical care (or lack thereof) at the BCDC violated the United States Constitution, including but not limited to: the Findings Letter, Memorandum of Understanding, Memorandum of Agreement, and Compliance Letter created as part of the litigation or its precursor, and any other documents created by the Department of Justice; monitor reports, drafts of monitor reports, materials reviewed to create such reports, attachments of agreements, proposed consent decrees, or final consent decrees (including any drafts) pertaining to the *Duvall* litigation, as well as all comments, responses, objections, and Communications regarding these documents."

    Defendant State of Maryland objects on the general basis that the information is not relevant to this litigation. Defendant also asserts privilege as well, In the *Duvall* litigation, the Court appointed a monitor, Dr. Michael Puisis to monitor the progress of the terms of the Settlement Agreement and to provide reports to the Court. Defendant Wexford was not a party to the litigation but did provide medical care during some of the relative periods of the *Duvall* litigation. The inspections by Dr. Puisis and the reports generated were all after the death of Fatima Neal. The reports were dated November 4, 2016, April 13, 2017, June 7, 2018, January 7, 2019 and October 11, 2019. ECF 491, p.4. Dr Puisis made no monitoring visits during the time of Ms. Neal's confinement in 2014. *Id.,* p.5. Defendant also objects that releasing the reports would have a chilling effect on independent monitors appointed by the Court and subject Dr. Puisis to deposition. *Id.,* p.6. Defendant further states that the reports of Dr. Puisis do not address the issue of obtaining emergency medical care, which is the heart of this litigation. *See ECF 499* (affirming Magistrate Judge's Order limiting discovery to emergency medical care).

*Sharon Bost, et al. v. Wexford Health Sources, Inc., et al.*
Civil No. ELH-15-3278
May 1, 2020,
Page 2

    Defendant State of Maryland moves to protect other categories of documents in paragraph 11, including drafts, comments, responses, objections and communications regarding the *Duvall* settlement. Defendant argues that the information is privileged and should not be subject to disclosure. Defendant has described documents that may fit those categories on its privilege log. Plaintiff identifies the documents at issue as consisting of the five reports of the monitor and two communications between counsel for BCDC detainees and the State of Maryland. ECF 494, p. 2.

    Federal Rule of Civil Procedure 26(b)(1) governing the scope and limits of discovery provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed.R.Civ.P. 26(b)(1). "Fed. R. Civ. P. 26 requires that discovery be relevant to any party's claim or defense, proportional to what is at issue in a case; and not excessively burdensome or expensive as compared to the likely benefit of obtaining the discovery being sought". Local Rule Discovery Guidelines Appendix A.

    Just like in Plaintiff's prior motion to compel, Plaintiff has requested information that is outside the scope of discovery and simply not relevant to her litigation. This is a claim about emergency care and the failure of Defendant to provide emergency care to Ms. Neal. This case is not similar to *Duvall* that concerned other medical care provided to detainees. This case is clearly limited to the decision to transport Fatima Neal for emergency care, which occurred years before the inspection of the monitor and the reports of the monitor that Plaintiff seeks. Logic follows that if the reports concerning the monitor are not relevant to this litigation, then neither are the two privileged documents described as communication between State of Maryland counsel and Plaintiffs in the *Duvall* action. Since the two documents sought are not relevant to this litigation it is not necessary for the Court to decide whether the documents in fact are privileged. Defendant, State of Maryland does not have to produce the documents on their privilege log.

    Defendant State of Maryland does not have to produce the reports of the monitor sought in paragraph 11 of the subpoena. I find that those reports are outside of the scope of discovery as this Court has previously defined. Although I do not consider the argument that disclosure would have a chilling effect on independent monitors particularly persuasive, I simply do not see any relevance in the reports or collateral documents. Discovery must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The invasion of a settlement agreement accepted by this Court, for information outside of the scope of relevance to this litigation is not justified in this instance.

    District courts exercise broad discretion over discovery issues. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016) (*citing Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402–03 (4th Cir. 2003)). As I stated in previous orders, this case has been heavily litigated and aggressively defended, and as predicted, now stands at 500 docket entries. The parties are encouraged to work together to conclude discovery.

    Therefore, the Motion for a Protective Order (ECF 491) is GRANTED.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

/s/

A. David Copperthite
United States Magistrate Judge