IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHARON BOST, in her individual capacity and as personal representative of the ESTATE OF FATIMA NEAL, <br><br>*Plaintiff*, <br><br>v. <br><br>WEXFORD HEALTH SOURCES, INC., <br><br>*Defendant*. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> Case No. 1:15-cv-03278-ELH <br><br> Judge Ellen L. Hollander |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO
BAR REFERENCE TO ER PREVENTABLE SUMMARY CHARTS
AND OTHER DATA FOR WHICH NO FOUNDATION HAS BEEN LAID**

Plaintiff SHARON BOST, by her attorneys, in her individual capacity and as personal representative of the Estate of Fatima Neal, respectfully moves *in limine* to bar Defendants from relying on Maryland ER Preventable Case Summaries and other data that have not been reviewed by their experts. In support of her motion, Plaintiff states as follows:

In its motion for summary judgment Wexford refers to a set of data called the Maryland ER Preventable Cases Summary. Ex. A (2010-2016 ER Preventables Dataset). Wexford referred to calculations based on this data in a footnote of its motion for summary judgment, ECF No. 536-2, at 23, and also attempted to make a broader argument at the summary judgment hearing that the annual data show an upward trend in ER runs from 2012-2016. Wexford should be barred from introducing or making arguments about this dataset, which is unreliable and without foundation.

First and foremost, this dataset is incomplete. The 2011 dataset is missing data for February. Ex. A, WEXDISC13035. The 2012 dataset is missing data for April, May, and

December. *Id.* at WEXDISC13060-80. The 2014 dataset is missing data for December. *Id.* at WEXDISC13109-34. Without a complete set of data, Wexford's calculations and conclusions about what the data show are arbitrary. Wexford should be barred from introducing this evidence and making arguments about annual ER numbers generated using incomplete data.

Second, there is no foundation from introducing the dataset, let alone reaching the conclusions from it that Wexford does. *See* FED. R. EVID. 801. To introduce a set of data like this would require Wexford to lay foundation for its use. *See, e.g., BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 314 (4th Cir. 2018) (no abuse of discretion when expert laid foundation for dataset); *City of Huntington v. AmerisourceBergen Drug Corp.*, No. CV 3:17-01362, 2021 WL 1382379, at *2 (S.D.W. Va. Apr. 12, 2021) (party can seek to admit datasets only if an expert lays foundation for them). But Defendants have presented it in a vacuum, entirely without foundation or context. Wexford failed to develop any evidence in discovery that would lay the foundation for who created the documents, where the data came from, or how the figures were compiled. As a result, what is actually captured in these documents is entirely ambiguous. As the Court might recall, this led to strongly divergent views at the parties' summary judgment hearing, in which Wexford believed the data meant one thing (only ER referrals by Wexford doctors and nurses from the infirmary), and Plaintiff believed it meant another thing (all ER referrals, including by correctional staff and including things like suicides, acute trauma/fights, and other irrelevant categories that Wexford itself has consistently argued are irrelevant to Plaintiff's claims in this case). This is the problem with introducing documents without foundation, and why Wexford's reliance on such data must be barred.

Indeed, not only did Wexford fail to develop any foundation during discovery, none of Wexford's retained experts even reviewed this data, *see* Ex. B (Schwartz Materials Reviewed);

Ex. C (Fowlkes Materials Reviewed); Ex. D (Joshua Materials Reviewed), so there is no one to explain what it is or what it means. It will be too late for their experts to do so at trial. FED. R. CIV. P. 29(a)(2)(B)(1) (expert report must contain "a complete statement of *all opinions* the witness will express…") (emphasis added); *Todd v. XOOM Energy Maryland, LLC*, No. GJH-15-154, 2020 WL 1552769, at *4 (D. Md. Mar. 31, 2020) (experts not allowed to offer new opinions at summary judgment). Even to the extent Wexford's could lay foundation for these documents, which they cannot because they have no knowledge related to their creation, Wexford should not be allowed to have their experts offer new opinions about documents and data they never previously reviewed.

For these same reasons, Wexford should also be barred from relying on or making arguments about any other datasets for which it failed to develop evidence laying foundation, or that its experts did not review.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order barring Wexford from introducing or making arguments based on the 2010-2016 ER Preventable Tables (Exhibit A) and any other datasets its experts did not review and opine about.

Respectfully submitted,

**SHARON BOST, in her individual capacity and as personal representative of the ESTATE OF FATIMA NEAL**

/s/ Anand Swaminathan
*Attorneys for Plaintiff*

/s/ Steve Art
*Attorneys for Plaintiff*

/s/ Rachel Brady
*Attorneys for Plaintiff*

/s/ Megan Porter
*Attorneys for Plaintiff*


Arthur Loevy
Michael Kanovitz
Anand Swaminathan
Steven Art
Rachel Brady
Megan Porter
LOEVY & LOEVY
311 North Aberdeen St.
Chicago, IL 60607
(312) 243-5900

Masai D. McDougall
Fareed Nassor Hayat
Norrinda Hayat
THE PEOPLE'S LAW FIRM
14908 Notley Avenue
Silver Spring, MD 20905

## CERTIFICATE OF SERVICE

      I, Rachel Brady, an attorney, hereby certify that, on November 18, 2022, I filed the foregoing Plaintiff's Motion *in Limine* No. 4 using the Court's CM-ECF system, which effected service on all counsel of record.

                                        /s/ Rachel Brady
                                        Attorney for Plaintiff