IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHARON BOST, in her individual capacity and as personal representative of the ESTATE OF FATIMA NEAL, *Plaintiff*, <br><br> v. <br><br> WEXFORD HEALTH SOURCES, INC., *Defendant*. | * <br> * <br> *    Case No. 1:15-cv-03278-ELH <br> * <br> *    Judge Ellen L. Hollander <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION *IN LIMINE* NO. 3
TO BAR ARGUMENTS AND EVIDENCE ABOUT THE
RELEVANT TIMEFRAME BASED ON WEXFORD'S LITIGATION CONDUCT**

Plaintiff SHARON BOST, by her attorneys, in her individual capacity and as personal representative of the Estate of Fatima Neal, respectfully moves *in limine* to bar Wexford from making any argument that evidence from the timeframe from 2010-2014 is not sufficient proof of Plaintiff's *Monell* claims or from making arguments about or presenting evidence from prior to 2010. In support of her motions, Plaintiff states as follows:

During discovery in this case, Plaintiff sought documents from Wexford covering a period from 2006 to 2014, arguing that this was the relevant timeframe for proof of Plaintiff's *Monell* claims in this case. *See* ECF No. 477-2 at 20-21. Wexford disagreed and refused to produce responsive documents. *Id.* Plaintiff moved to compel the production of documents from her proposed timeframe. *Id.* In response, Wexford argued:

> Regarding the timeframe of discovery, Wexford has continually raised an objection as to the broad timeframe of Plaintiff's requests. Most of Plaintiff's requests seek documents or information over the span of 10 or more years, including many years when Wexford did not provide direct health care services at the BCDC (or in Maryland). Accordingly, many of the documents Plaintiff seeks are not in the custody/control of Wexford or ***not remotely relevant to the claims at issue in this case***. To appropriately limit the scope of

   discovery, Wexford suggested that Plaintiff limit any requests to the time period of 2010-2014.

ECF No. 477-26 at 20-21. This Court adopted Wexford's position and held that documents produced from the 2010 to 2014 timeframe were sufficient for Plaintiff to prove her *Monell* claims. ECF No. 499 at 28.

 Given that Wexford took the position that discovery should be limited to the 2010 to 2014 timeframe because discovery outside of that timeframe was "not remotely relevant to the claims at issue in this case," and given that the Court approved and Wexford reaped the benefit of that position during discovery, this Court should bar Wexford from making any contrary argument at the upcoming trial. Namely, Wexford should be prevented from (a) arguing that the Court should not consider portions of that timeframe (thereby narrowing Plaintiff's evidence beyond the limitations it already sough), (b) presenting evidence that the 2010 to 2014 timeframe is too narrow or otherwise insufficient to support Plaintiff's *Monell* claims, and (c) arguing that evidence from prior to 2010 is relevant to the jury's assessment of those claims.

 The Supreme Court has explained that judicial estoppel "protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (internal quotation marks omitted). Estoppel applies when the party to be estopped—here Wexford—takes a later position that is "clearly inconsistent" with it earlier one; persuades a court to adopt the earlier position; and would "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Martineau v. Wier*, 934 F.3d 385, 393 (4th Cir. 2019) (quoting *New Hampshire*, 532 U.S. at 750-51). These conditions would all plainly be satisfied if Wexford now took the position at trial that the 2010 to 2014 time period was insufficient to prove a claim, or that materials outside of that time period were relevant. Wexford previously argued the

opposite, the Court adopted its position and discovery was accordingly limited, and Plaintiff would be severely and unfairly prejudiced if Wexford now changed positions and argued that Plaintiff lack sufficient proof to succeed at trial.

WHEREFORE, Plaintiff respectfully requests that the Court bar Wexford from making any argument that evidence from the timeframe from 2010-2014 is not relevant, or not sufficient proof of Plaintiff's *Monell* claims, or from making arguments about or presenting evidence from prior to 2010.

RESPECTFULLY SUBMITTED,

**SHARON BOST, in her individual capacity and as personal representative of the ESTATE OF FATIMA NEAL**

/s/ Anand Swaminathan
*Attorneys for Plaintiff*

/s/ Steve Art
*Attorneys for Plaintiff*

/s/ Rachel Brady
*Attorneys for Plaintiff*

/s/ Megan Porter
*Attorneys for Plaintiff*

Arthur Loevy
Michael Kanovitz
Anand Swaminathan
Steven Art
Rachel Brady
Megan Porter
LOEVY & LOEVY
311 North Aberdeen St.
Chicago, IL 60607
(312) 243-5900

Masai D. McDougall
Fareed Nassor Hayat

Norrinda Hayat
THE PEOPLE'S LAW FIRM
14908 Notley Avenue
Silver Spring, MD 20905

## **CERTIFICATE OF SERVICE**

      I, Rachel Brady, an attorney, hereby certify that, on November 18, 2022, I filed the foregoing Plaintiff's Motion *in Limine* No. 3 TO BAR ARGUMENTS AND EVIDENCE ABOUT THE RELEVANT TIMEFRAME BASED ON WEXFORD'S LITIGATION CONDUCT using the Court's CM-ECF system, which effected service on all counsel of record.

      /s/ Rachel Brady
      Attorney for Plaintiff