IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHARON BOST, In Her Individual Capacity And As Personal Representative of the ESTATE OF FATIMA NEAL, | * * |
| Plaintiff | * |
| v. | *   Case no.: 1:15-CV-03278-ELH |
| WEXFORD HEALTH SOURCES, INC. | * |
| Defendant | * |

* * * * * * * * * * * * * * * * * * *

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUE EVIDENCE AND PLAINTIFF'S EXPERT WITNESS TESTIMONY

Defendant Wexford Health Sources, Inc. ("Wexford"), by its attorneys, respectfully submits this Reply Memorandum of Law in support of its Motion to Exclude Evidence and Plaintiff's Expert Witness Testimony.

In her Opposition to Wexford's MIL, Plaintiff's primary argument is to distract the Court about what Wexford is not challenging, rather than addressing what is actually at issue. Similarly, Plaintiff spends an extraordinarily amount of time in her Opposition touting Dr. Keller's credentials to apparently distract from the underlying arguments made by Wexford. This attempt to bolster the Court's view of Dr. Keller, based solely on his qualifications, is misplaced as it is not entirely clear what Dr. Keller's qualifications do to supplant Dr. Keller's inconsistent, and at times misleading testimony.

Plaintiff also asserts in her Opposition that Wexford has not clearly identified which portions of Dr. Keller's reports it seeks to bar. However, Wexford plainly cited specific portions of Dr. Keller's Report that are inaccurate and unsupported throughout its Motion and Exhibits. *See e.g.* ECF 590 p. 14, Ex. 2, Table Regarding Dr. Keller's Report. ECF 590, Ex. 1 Keller Rep. p. 7-

1

9 discussing Wexford's alleged financial motivations. These specific citations along with the other areas noted in Wexford's motion, demonstrate that not only has Dr. Keller inappropriately misconstrued record evidence, but that Dr. Keller had access to and chose not to review or simply ignored other data sets less favorable to his ultimate conclusions. *See* ECF 590, p. 8, 11, 12. As noted in those portions of the MIL, Wexford has identified significant concerns with Keller's opinions and testimony where: (1) he avoided looking at the whole record and only looked at 2010-2014 death logs; (2) admitted he did not review individual medical records to actually investigate whether his opinions were supportable; (3) failed to appreciate cost as only a consideration, not a driving force; (4) failed to address or consider alternative theories or other variables. In short, Dr. Keller may have legitimate credentials, but his opinion and testimony overstep his expertise, are unreliable, and will not aid the jury in the resolution of the discrete issues to be determined at trial.

In addition to the failures noted above, Wexford's Motion outlines its reasoning for opining that the evidence in this case is absent of any deposition testimony or documentary evidence linking the UM policy or ER reduction program to any decision of the health care providers who rendered care to Ms. Neal. ECF 590 p. 13. Under *Monell*, a Plaintiff must show that the municipality's policies were "the 'moving force' behind a deprivation of federal rights." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (quoting *Monell*, 436 U.S. at 694). This requires Plaintiff to demonstrate the casual link between Wexford's purported actions and the eventual death of Ms. Neal. The rigorous causation standard "must be applied to ensure that the [entity] is not held liable" for the actions of employees. *Id.* at 218 (quoting *Board of County Com'rs of Bryan County, Okl. V. Brown*, 520 U.S. 397, 405 (1997)). And yet, that is what Dr. Keller attempts to do with his scattershot allegations of "past generalized bad" behavior causing "future generalized bad" behavior, which is insufficient to establish causation. *Washington v. Housing Authority of the City*

of Columbia, 58 F. 4th 170, 8 (4th Cir. 2023) (quoting *Carter*, 164 F. 3d at 218-19; see *Spell v. McDaniel*, 824 F. 2d 1380, 1390 (4th Cir. 1987) (requiring "a specific deficiency rather than general laxness or ineffectiveness"). This includes pointing out ways in which Wexford's ER reduction program could have been fashioned to be consistent with accepted practices by increasing onsite equipment and resources or through CQI audits. But "[i]t will not 'suffice to prove that an injury or accident could have been avoided if an [individual] had had better or more training, sufficient to equip [them] to avoid the particular injury-causing conduct." *Buffington v. Baltimore County*, 913 F.2d 113, 122 (4th Cir. 1990) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 389, 391 (1989)).[1] And still, Plaintiffs provide no support for the so-called lack of resources supporting the remaining claims as to whether the ER Reduction program was the casual connection behind her death.

Likewise, Plaintiff and her experts claims that there were drastic reductions in ER trips and dramatic increases in deaths are not supported by the record and are simply guesswork. Dr. Keller conceded he didn't know how many "cases of increased deaths" were due to delayed ER care. *See* ECF 620 at 13. Dr. Keller also admitted that he had not reviewed the individual medical records in order to really drill down on the effects of delayed transfer to the ER on patients' lives and how many patients' lives it effected." ECF 590 p. 9. The trial court "should meticulously focus on the expert's principles and methodology, and not on the conclusions that they generate." *McDowell v. Brown*, 392 F.3d 1283, 1298 (11th Cir. 2004); *see Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 195 (4th Cir. 2017). Therefore, a court should exclude testimony based on "belief or speculation,"

---

[1] Equally alarming about this offshoot argument is that the only remaining claims against Wexford relate to official policies and the pattern or practice of delaying medical care, not in failure to train, a claim in which this Court granted in favor of Wexford in the summary judgment phase. ECF 582, p. 118-134.

*Oglesby v. General Motors Corp.*, 190 F.3d 244, 250 (1999), or when not supported by the record. *See Bryte ex rel. Bryte v. Am. Household, Inc.*, 429 F.3d 469, 477 (4th Cir. 2005).

Finally, Plaintiff makes the global assertion that Wexford's remaining arguments are grounds for cross-examination, rather than a pre-trial motion. Plaintiff also argues that certain portions of Wexford's MIL are more appropriate for Summary Judgment. Notably, this argument is the exact converse of what was set forth in Plaintiff's Opposition to Summary Judgment in which Plaintiff framed Wexford's arguments as a "Daubert Challenge." *See e.g.,* ECF 558 p. 65. And yet now, when faced with a *Daubert* challenge, Plaintiff has switched gears and quibble that the current arguments are now inappropriate for *Daubert* review.[2]

Putting aside Plaintiff's assertions, it is readily apparent that large portions of Dr. Keller's Report are replete with misleading statistics and inaccuracies that do not pass muster under *Daubert* and must be excluded, otherwise threatening to mislead and confuse a jury. As outlined in Wexford's Motion and above, there are numerous citations throughout Dr. Keller's report and numerous times during his deposition, in which his assertions are not supported by the record. When experts are qualified to testify as experts in their field, Courts should be cautious to carefully examine and gatekeep certain misleading portions of purported testimony not supported by the record. For these reasons and the reasons set forth in Wexford's initial motion, portions of Dr. Keller's opinions constitute inadmissible expert testimony and should be excluded.

---

[2] Even the Court recognized in its Memorandum Opinion that certain arguments made by Wexford were appropriate for this current stage under *Daubert*. See ECF 582 p. 41, fn. 25.

Respectfully submitted,

/s/  Gregory L. VanGeison
Gregory L. VanGeison (Bar no.: 07658)
/s/  Cullen B. Casey
Cullen B. Casey (Bar No.: 28577)
/s/  Kelsey M. Lear
Kelsey M. Lear, (Bar No.: 30429)
Anderson, Coe & King, LLP
Seven Saint Paul Street, Suite 1600
Baltimore, MD  21202
(T) 410-752-1630/  (F) 410-752-0085
vangeison@acklaw.com / casey@acklaw.com
lear@acklaw.com
*Attorneys for Defendant Wexford Health Sources, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of February, 2023, a copy of the foregoing Defendants, Wexford Health Sources, Inc.'s Reply in Response to Plaintiff's Opposition to Defendant's Motion in *Limine* No. 1 to bar certain testimony by Plaintiff's experts and proposed order was electronically filed to:

Fareed Nassor Hayat, Esquire
Masai D. McDougall, Esquire
Norrinda Hayat, Esquire
The People's Law Firm, LLC
14908 Notley Avenue
Silver Spring, MD  20905
Fareed.hayat@thepeopleslawfirm.net
Masai.mcdougall@thepeopleslawfirm.net
Norrinda.hayat@thepeopleslawfirm.net
Masai.mcdougall@gmail.com
masaimcd@masailaw.com
*Attorneys for Plaintiffs*

Arthur Loevy, Esquire
Michael Kanovitz, Esquire
Steve Art, Esquire
Anand Swaminathan, Esquire
Theresa Kleinhaus, Esquire
Rachel Brady, Esquire
Megan Porter, Esquire
Loevy and Loevy
311 N. Aberdeen Street,  3rd Floor
Chicago, IL  60607
mike@loevy.com / steve@loevy.com /
anand@loevy.com / tess@loevy.com /
brady@loevy.com
porter@loevy.com
*Attorneys for Plaintiffs*

  /s/  Cullen B. Casey
Cullen B. Casey (Bar No.: 28577)