IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHARON BOST, in her individual capacity and as personal representative of the ESTATE OF FATIMA NEAL, | * * * | |
| *Plaintiff*, | * | Case No. 1:15-cv-03278-ELH |
| v. | * | Hon. Ellen L. Hollander, District Judge |
| WEXFORD HEALTH SOURCES, *et al.*, | * | |
| *Defendants*. | * | Hon. A. David Copperthite, Magistrate Judge |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION *IN LIMINE* NO. 10
TO BAR DEFENDANTS FROM SPECULATING ABOUT
TREATMENT THEY "WOULD HAVE PROVIDED" FATIMA**

Plaintiff SHARON BOST, by her attorneys, in her individual capacity and as personal representative of the Estate of Fatima Neal, respectfully submits the following reply in support of her motion *in limine* to bar Defendants from providing speculative testimony about treatment that they "would have provided" Fatima if she had been suffering from a serious medical condition (Dkt. 598). In support, Plaintiff states as follows:

### INTRODUCTION

Defendants admit that they intend to take the stand and offer testimony that they have absolutely no memory of Fatima Neal or her symptoms at the BCDC,[1] but she could not possibly have suffered a stroke under their watch, because had she done so, they *would have* responded appropriately. This testimony is rank speculation and totally inadmissible. Indeed, it is precisely

---

[1] The claimed forgetfulness of many of the former Defendants is directly impeached by their own statements under oath to the Board of Nursing after this lawsuit was filed, where they testified in great detail about their memory of Fatima. Dkt. 225-95 (Obadina Board of Nursing Transcript). From Wexford's response, however, it appears that the former Defendants intend to continue denying any memory of Fatima. Dkt. 628 at 5-6.

the sort of testimony that the Seventh Circuit found so problematic that it warranted setting aside a jury's verdict and ordering a new trial. *Nelson v. City of Chicago*, 810 F.3d 1061, 1073-74 (7th Cir. 2016) (cited favorably by *Smith v. Baltimore City Police Dep't*, 840 F.3d 193, 201-02 (4th Cir. 2016)). This Court should accordingly bar any such speculative testimony.

## DISCUSSION

The Federal Rules of Evidence require as a bedrock principle that fact witnesses like the former Defendants are entitled to provide evidence of which they have personal knowledge, and not to speculate about matters of which they have no knowledge at all. Fed. R. Evid. 602. Despite having affirmatively disavowed any existing personal knowledge of Fatima Neal, or any of the symptoms she displayed in November 2012, Wexford intends to offer testimony that Fatima could not possibly have displayed any stroke symptoms because if she had, its providers would have acted differently.

The testimony that Defendants admit they intend to offer is precisely the sort of speculative testimony that the Seventh Circuit expressly rejected in *Nelson*. In *Nelson*, the plaintiff brought suit against four defendant police officers for stopping him without reason, pointing a gun in his face, and threatening to kill him. 810 F.3d at 1064. The defendants disavowed any memory of the incident, but one defendant testified that he "might have" pointed his gun at the plaintiff "[i]f" he received word that the plaintiff was "armed and dangerous[.]" *Id.* at 1073. In reversing the district court's admission of the evidence, the Seventh Circuit found that there had been no foundation established to admit the evidence as habit evidence under Rule 406, and that in any event, this testimony about drawing a gun and the like is not the type of "semi-automatic" conduct that Rule 406 permits. *Id.* at 1073-74. Instead, it concluded that the testimony was highly speculative and "heavily prejudicial" because it suggested that certain facts

were true without any factual basis, given the witnesses' disavowal of any personal recollection. *Id.* at 1075.

Like in *Nelson*, Wexford intends to offer its providers' testimony based solely on speculation and not on any evidence in the record. And like the Seventh Circuit in *Nelson*, this Court should reject that attempt.

Wexford argues that this evidence is admissible under Federal Rule of Evidence 406 as evidence of its' providers "semi-automatic" habits. Fed. R. Evid. 406 Adv. Comm. Notes. Evidence of a habit "is never to be lightly established, and evidence of examples, for purpose of establishing such habit, is to be carefully scrutinized before admission." *Wilson v. Volkwagen of Am., Inc.*, 561 F.2d 494, 511 (4th Cir. 1977). That is because of the obvious dangers that "such evidence will be used to establish a party's propensity to act in conformity with its general character, thereby thwarting Rule 404's prohibition against the use of character evidence except for narrowly prescribed purposes." *Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1293 (7th Cir. 1988); *see also Wilson*, 561 F.2d at 511.

The Fourth Circuit has held that a party looking to introduce evidence of a person's habit under Rule 406 must provide evidence of examples "'numerous enough to base an inference of systematic conduct' and to establish 'one's regular response to a repeated specific situation….'" *Wilson*, 561 F.2d at 511 (citing *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1158 (2d Cir. 1968); 2 Wigmore, Evidence § 376 (3d ed. 1940); McCormick on Evidence, § 162 (1964)); *Hoffman v. Baltimore Police Dep't*, 2009 WL 167144, at *11 (D. Md. Jan. 21, 2009). Other circuit courts have explained that to determine whether evidence should be admitted under Rule 406, "adequacy of sampling and uniformity of response are controlling considerations." *G.M. Brod & Co. v. U.S. Home Corp.*, 759 F.2d 1526, 1533 (11th Cir. 1985) (internal quotation marks

3

omitted); *see also United States v. Newman*, 982 F.2d 665, 668 (1st Cir. 1992) (evidence of habit must be sufficient to establish that it is more likely than not that habit "would be carried out in every instance or in most instances"); *Mobil Exploration & Producing U.S., Inc. v. Cajun Constr. Servs., Inc.*, 45 F.3d 96, 100 (5th Cir. 1995) ("Evidence of the defendant's actions on only a few occasions or only in relation to the plaintiff are not enough").

The cases relied on by Defendants recognize and enforce this legal rule. In *EEOC v. AMR Eagle, Inc.*, 2001 WL 257905, at *4 (N.D. Tex. Mar. 13, 2001), the district court admitted a witness's habit testimony because he had proved "uniformity of response" in 600-1200 similar circumstances. In *Kornberg v. United States*, 693 F. App'x 542, 544 (9th Cir. 2017) (unpublished), the Ninth Circuit found that it was not clear error to admit a doctor's habit testimony based on a showing that she had acted the exact same way in approximately 40 other similar situations. In *Salis v. United States*, 552 F. Supp. 989, 995 n.4 (M.D. Pa. 1981), there was no objection to the evidence, but the district court reflected that the testimony about the typical process of a surgery was habit evidence based on the doctor's testimony that he performed thousands of the same surgery in the same way. *See also Aikman v. Kanda*, 975 A.2d 152, 162-65 (D.C. 2009) (doctor proved he had performed the exact same procedure over 500 times); *Meyer v. United States*, 464 F. Supp. 317, 321 (D. Col. 1979) (doctor performed weekly molar extractions for years and gave the standardized advice about molar extractions).

In this case, Wexford simply cannot establish an adequate sample because its providers have admitted that they had not encountered any situations like Fatima's before November 1, 2012.[2] Having admitted that they had never treated a detainee suffering strokes before Fatima

---

[2] Dkt. 225-49 (Afre Dep. I) at 292:1-295:4 (Fatima is the only person he knows of who has died in the infirmary); Dkt. 225-103 (McNulty Dep. I) at 382:6–16 (not aware of any patients who have died at BCDC); *id*. at 388:16–389:2 (remembers only one other inmate they sent out to the hospital); Dkt. 225-51 (El-Sayed Dep. I) at 364:8-11 (not aware of any other instance when

Neal, they have no basis to testify that it was their "habit" to act in a particular way when faced with a detainee suffering strokes. And without the ability to admit the testimony about what they "would have" done as habit testimony, the testimony is exposed as rank speculation. It must therefore be excluded.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion *In Limine* No. 10 to Bar Defendants From Speculating About Treatment They "Would Have Provided" Fatima (Dkt. 598).

Respectfully submitted,

/s/ Anand Swaminathan
*Attorneys for Plaintiff*

/s/ Rachel Brady
*Attorneys for Plaintiff*

Arthur Loevy
Michael Kanovitz
Anand Swaminathan
Steven Art
Rachel Brady
Megan Porter
LOEVY & LOEVY
311 North Aberdeen St.
Chicago, IL 60607
(312) 243-5900

Masai D. McDougall

---

someone has died at a BCDC facility); *id*. at 268:5-9 (thinks there were possibly two times she had someone sent out to the ER based on stroke symptoms); Dkt. 225-43 (Wiggins Dep.) at 23:18-26:5 (doesn't know how many inmates have died); *id*. at 339:13-340:20 (doesn't know of any deaths at facility caused by stroke); Dkt. 225-45 (Obadina Dep. I) at 38-41, 66, 69, 75 (didn't treat people for strokes in her prior jobs or at the WDC); Dkt. 225-107 (Obadina Dep. II) at 80:19–81:7 (no other patient of hers has died); Dkt. 225-114 (Jamal Dep. II) at 335:14-336:1 (doesn't remember anyone else dying); Dkt. 225-86 (Ohaneje Dep) at 190:10-191:8 (Fatima's was the only death Ohaneje knows about).

                Fareed Nassor Hayat
                Norrinda Hayat
                THE PEOPLE'S LAW FIRM
                14908 Notley Avenue
                Silver Spring, MD 20905

## **CERTIFICATE OF SERVICE**

    I, Anand Swaminathan, an attorney, hereby certify that, on February 2, 2023, I filed the foregoing Reply using the Court's CM-ECF system, which effected service on all counsel of record.

                /s/ Anand Swaminathan
                Attorney for Plaintiff