**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

SHARON BOST, in her individual capacity and as personal representative of the ESTATE OF FATIMA NEAL,

*Plaintiff*,

*v.*

WEXFORD HEALTH SOURCES, *et al.*,

*Defendants*.

Case No. 1:15-cv-03278-ELH

Hon. Ellen L. Hollander, District Judge

Hon. A. David Copperthite, Magistrate Judge

* * * * * * * * * * * * * * *

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION *IN LIMINE* NO. 20 TO BAR REFERENCE TO PRIOR BAD ACTS, ARRESTS & CONVICTIONS OF CERTAIN NON-PARTY WITNESSES**

Plaintiff SHARON BOST, by her attorneys, in her individual capacity and as personal representative of the Estate of Fatima Neal, respectfully submits the following reply in support of her motion *in limine* to bar reference to the prior bad acts, arrests, and criminal convictions of certain non-party witnesses (Dkt. 609). In support, Plaintiff states as follows:

In her motion *in limine* no. 20, Plaintiff seeks to bar evidence of arrests, convictions, and prior bad acts of Plaintiff's witnesses. Wexford concedes that arrests and bad acts of Plaintiff's witnesses are not admissible, but contend, however, that certain convictions of these witnesses are admissible under Rule 609 to impeach the witness's characters for truthfulness. Wexford makes no other arguments regarding the admissibility of these convictions and apparently intend to introduce only those convictions discussed below. Plaintiff will address in turn the convictions that each set of Wexford intends to introduce.

## I. Convictions That the Wexford Defendants Intend to Introduce

Wexford argues that the following convictions (and no others) are admissible:

- Natalie Saracino's October 2013 convictions for obtaining a prescription by fraud and attempted possession with intent to distribute;
- Mary Betch's February 2008 convictions for "att-bd ck/utter/NSF/$500 & up" and "forgery/priv document/possess", and March 2013 conviction for "uttering false document";
- Vanessa Dow's April 2013 conviction for possession with intent to distribute;
- Kelly Frye's June 2015 and January 2016 convictions for possession of paraphernalia;[1] and
- Donnetta Bennett's January 2010 conviction for possession with intent to distribute and November 2012 conviction for distribution.

Plaintiff agrees that Ms. Saracino's conviction for obtaining a prescription by fraud is admissible. But Plaintiff disagrees that the remaining convictions should be admitted under Rule 609. Because Wexford has identified no admissible purpose for these convictions, this Court should bar them.

### A. Ms. Betch's Convictions

First, the Wexford Defendants contend that Ms. Betch's February 2008 convictions for "att-bd ck/utter/NSF/$500 & up" and "forgery/priv document/possess" and her March 2013 conviction for "uttering false documet" are admissible under Federal Rule of Evidence 609(a)(2). Wexford took these phrases from Dkt. 327-3, which it contends are sufficient proof of Ms. Betch's convictions and their admissibility under Rule 609(a)(2). Unlike the documents supporting Ms. Saracino's prescription fraud conviction, however, Dkt. 327-2, these documents

[1] Wexford notes that Ms. Frye was also convicted of possession of paraphernalia in January 2015 but concedes that the conviction is not admissible under Rule 609. Accordingly, Wexford apparently agree that evidence of it should be barred from the trial.

provide no information beyond the quoted text about what crime Ms. Betch was convicted of committing or which criminal statute she was convicted of violating.

Wexford contends that Ms. Betch's convictions are admissible under Rule 609(a)(2), which admits a conviction if a court can "readily determine that establishing the elements of the crime *required proving* . . . a dishonest act or false statement." Fed. R. Evid. 609(a)(2); *see also United States v. Kelly*, 510 F.3d 433, 438 (4th Cir. 2007) ("Because the admission of such evidence is mandatory, however, Rule 609(a)(2) covers only a narrow class of crimes which by their nature bear directly upon the witness' propensity to testify truthfully." (internal quotation marks omitted)). But Wexford has not offered any evidence of the crime Ms. Betch was convicted of committing. Dkt. 327 at 7-8. Accordingly, this Court cannot "readily determine" either the criminal statute that was violated or whether its elements required proof of a dishonest act or false statement, and it must bar these convictions from being introduced at the trial. Fed. R. Evid. 609(a)(2).

Wexford speculates that the "att-bd ck/utter/nsf/$500 & up" conviction is based either on a violation of Md. Code Ann. Crim. § 8-103 or Md. Code Ann. Crim. § 7-107. Wexford offer no explanation as to why they have selected those criminal statutes, and not the multitude of others that use one or more of the abbreviated words. *See, e.g.,* Md. Code Ann. Crim. § 8-601. Worse still, the section which Defendant relies most heavily on, section 8-103 of the Maryland Criminal Code, does not require *proof* of knowledge or intent on the part of the person issuing the bad check; to the contrary, section 8-104 states that such knowledge is *presumed*. Md. Code Ann. Crim. § 8-104; *United States v. Cunningham*, 368 F.2d 696, 699 (4th Cir. 1981) (approving exclusion of conviction for "worthless checks" because no evidence that conviction *required proof* of something more than a check returned for insufficient funds).

Wexford also offer no evidence that Ms. Betch's "forgery/priv document/possess" is in fact a conviction for violating section 8-601 of the Maryland Criminal Code, and not a conviction for simply possessing a forged document or some other crime. *E.g.,* Md. Code Ann. Crim. § 8-603 (making it a crime to knowingly possess a counterfeit title to a car). And Wexford do so much as venture a guess about which criminal statute Ms. Betch was convicted of violating in March 2013—referred to in their exhibit as "uttering false documen[.]" Dkt. 327-3 at 4. More importantly, the evidence that they intend to introduce to establish these convictions provides no indication. *Id.* Accordingly, Wexford has failed to establish the admissibility of these convictions under Rule 609(a)(2) and this Court should bar them.

**B. Other Detainees' Convictions for Drug-Related Crimes**

Wexford also intends to introduce evidence that Ms. Saracino, Ms. Dow, and Ms. Bennett were convicted for possession (or attempted possession) with intent to distribute, that Ms. Frye was twice convicted of possession of paraphernalia, and that Ms. Bennett was convicted of distribution. Wexford contends that these convictions are admissible under Rule 609(a)(1) as crimes punishable by imprisonment for more than one year. These convictions should be excluded for a number of reasons.

First, like with the so-called "evidence" of Ms. Betch's convictions, none of the exhibits upon which Wexford relies, establish what crime or criminal statute these convictions refer to. Because their evidence is insufficient to establish that the convictions meet the requirement of Rule 609(a)(1), this Court may exclude them. For example, Wexford speculates that Ms. Saracino's conviction for "Att-Possess With Intent To Distribute," for which she received a sentence of 6 months, is in fact a violation of Md. Code Ann. Crim. § 5-602. Dkt. 327 at 9. But section 5-602 actually does not prohibit "attempted" possession of any substance. Md. Code

Ann. Crim. § 5-602. And the only document offered in support of this conviction bears no mention of section 5-602; instead, it refers to "CL," which is more likely common law. Dkt. 327-2 at 3. Indeed, the Court of Appeals of Maryland has explained that an attempt to commit a crime is a *misdemeanor* under Maryland common law. *State v. North*, 356 Md. 306, 312, 739 A.2d 33, 35 (Md. 1999); *see also Cox v. State*, 311 Md. 326, 329, 534 A.2d 1333, 1334 (Md. 1988) (referring to "criminal attempt as a common law misdemeanor"). Accordingly, there is no evidence that Ms. Saracino's conviction for attempted possession with intent to distribute is a felony or otherwise admissible under Rule 609, and it should be excluded.

Similarly, Wexford contends without explanation that Ms. Frye's convictions for possession of paraphernalia were a violation of Md. Code Ann. Crim. § 5-609(c)(3)(2). Dkt. 627, at 9. Section 5-609(c) provides the sentencing range for individuals facing a third conviction for distributing various classes of amphetamines. Wexford offers absolutely no explanation for what about its evidence indicates that Ms. Frye's convictions were for this criminal conduct, *see* Dkt. 327-5, and the document itself offers no other explanation.[2] Accordingly, because Wexford has not established that these convictions are in fact admissible under Rule 609(a)(1), this Court should bar evidence about them.

Even if the Court finds that the convictions meet Rule 609(a)(1)'s requirement that they are punishable by imprisonment for more than one year, they are still subject to Rule 403's balancing test. And that test has real meaning in a context like one, where the crimes relate merely to drug possession or use and have no bearing on a witness's ability or penchant to tell

[2] Even if Wexford instead meant to refer to section "5-619(c)(3)(2)," Plaintiff remains confused about what crime Wexford intends to reference. Although section 5-619(c) refers to the penalties for convictions for paraphernalia possession, there is no subsection (c)(3) or (c)(3)(2) of the section of the Code. Moreover, that section of the Code expressly exempts convictions for possession of paraphernalia that relates to the use of marijuana, and Wexford's evidence gives no indication as to what controlled substance the paraphernalia was intended to allow use of.

the truth. In other words, there is nothing about being a drug user (or even a drug dealer) that makes a witness more or less of a liar than a witness who does not use or distribute drugs. *See Nye v. Mistick*, 2015 WL 11565313, at *3 (M.D. Pa. Feb. 26, 2015) (recognizing that past drug convictions have only marginal relevance on a witness's character for truthfulness); *Coles v. City of Chicago*, 2005 WL 1785326, at *3 (N.D. Ill. July 22, 2005) (finding that a drug possession conviction provides only "limited" probative value on witness credibility). In this case, there is a substantial danger that the jury will use evidence of these witnesses' drug-related convictions not to assess their character for truthfulness, but instead to disregard their testimony based on a judgment about whether the witnesses are "good" or "bad" people, causing Plaintiff to suffer severe unfair prejudice. In sum, even if Defendants can establish that these convictions fit the requirements of Rule 609(a)(1), this Court should bar them under Rule 403 because their limited probative value, if any, is substantially outweighed by the risk of improper use and unfair prejudice to Plaintiff.

Accordingly, because Wexford has failed to establish that the convictions it seeks to introduce meet the requirements of Rule 609 and because even if it does, Rule 403 mandates their exclusion, this Court should bar Wexford from introducing evidence of these convictions.[3]

**C. Convictions Over 10 Years Old**

Finally, as for Ms. Bennett's convictions in 2010 and 2012: by the time of trial in this case, more than 10 years will have passed since these convictions. Accordingly, Rule 609(b) requires Defendant to establish, by reference to "specific facts and circumstances," that the

---

[3] If the Court determines that any of these convictions are admissible, it should limit Wexford to "informing the jury of the date, offense, and punishment" of any admissible conviction, and not allow them to "probe in depth the nature of the felonies, when they occurred, and their details." *Christovich v. Pierce*, 59 F. App'x 543, 546-47 (4th Cir. 2003) (unpublished) (citing *United States v. Samuel*, 410 F.2d 610, 613 (4th Cir. 1970)).

probative value of these convictions substantially outweighs their prejudicial effect. Fed. R. Evid. 609(b). In *United States v. Cavender*, 578 F.2d 528, 530 (4th Cir. 1978), the Fourth Circuit made clear that convictions older than 10 years should be admitted "very rarely and only in exceptional circumstances." *See also United States v. Beahm*, 664 F.2d 414, 417 (4th Cir. 1981) (same). Wexford has offered no argument that the probative value substantially outweighs the prejudicial effect of these convictions, and certainly have not established the rare and exceptional circumstances to justify their admission. Accordingly, the Court should bar them.

**CONCLUSION**

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion *in Limine* No. 20 to Bar Reference to Prior Bad Acts, Arrests & Convictions of Certain Non-Party Witnesses (Dkt. 609).

Respectfully submitted,

/s/ Anand Swaminathan
*Attorneys for Plaintiff*

/s/ Rachel Brady
*Attorneys for Plaintiff*

Arthur Loevy
Michael Kanovitz
Anand Swaminathan
Steven Art
Rachel Brady
Megan Porter
LOEVY & LOEVY
311 North Aberdeen St.
Chicago, IL 60607
(312) 243-5900

        Masai D. McDougall
Fareed Nassor Hayat
Norrinda Hayat
THE PEOPLE'S LAW FIRM
14908 Notley Avenue
Silver Spring, MD 20905

**CERTIFICATE OF SERVICE**

I, Anand Swaminathan, an attorney, hereby certify that, on February 3, 2023, I filed the foregoing Reply using the Court's CM-ECF system, which effected service on all counsel of record.

/s/ Anand Swaminathan
Attorney for Plaintiff