## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

March 7, 2023

TO COUNSEL OF RECORD

Re: *Sharon Bost et al. v. Wexford Health Services Inc., et al.*, Civil No. ELH-15-3278

Dear Counsel:

Currently pending before the Court is Plaintiffs' Emergency Motion to Compel Punitive Damage Discovery. ECF No. 653. Plaintiffs request that this Court compel Wexford to produce five years of: (1) audited financial statements; (2) federal and state tax returns; and (3) changes in ownership, such as the sale or transfer of shares. ECF No. 653 at 8-9. After considering Plaintiffs' Motion and the response thereto (ECF No. 656), the Court finds that no hearing is necessary.[1] For the reasons stated herein, Plaintiffs' Motion (ECF No. 653) is DENIED.

On November 9, 2016, this Court ordered that discovery of Defendants' financial information be stayed pending the resolution of dispositive motions. ECF No. 112 at 3. The dispositive motions phase of this litigation ended on September 16, 2022, when the Court denied Defendants' motion for summary judgment. ECF Nos. 582, 583. On November 10, 2022, Plaintiffs served a wide range of document requests and interrogatories related to Wexford's financial status. ECF No. 653 at 2. Defendants noted several objections to the requests on December 9, 2022. ECF No. 656 at 1. On December 20, 2022, the parties conducted an unsuccessful meet and confer session. *Id.* Plaintiffs filed the instant Motion on March 2, 2023. ECF No. 653.

The Maryland Pattern Jury Instructions provide that: "An award for punitive damages should be: (1) In an amount that will deter the defendant and others from similar conduct; (2) Proportionate to the wrongfulness of the defendant's conduct and the defendant's ability to pay and (3) Not designed to financially destroy a defendant." MPJI-C 10:14. "If requested by defendants, the court should instruct that the amount of punitive damages should . . . tak[e] into account, as a limiting factor . . . their financial status . . .; if the instruction is requested, defendants may not object to introduction of evidence of their *net worth*." *Id.* at Comment E, 3 (emphasis added). Consistent with this instruction, courts routinely limit the scope of punitive damage discovery to documents and time periods that "reasonably would show . . . current net worth." *Moore v. DAN Holdings, Inc.*, No. 12-CV-502, 2013 WL 1833557, at *16 (M.D.N.C. Apr. 30, 2013) (citation omitted). Indeed, Courts have found that "[n]et sales and income, even if current, is not relevant to punitive damages[.]" *Happel v. Wal-Mart Stores, Inc.*, No. 02C7771, 2007 WL 495277, at *3 (N.D. Ill. Feb. 9, 2007).

---

[1] This case was referred to United States Magistrate Judge A. David Copperthite for Discovery on December 16, 2016.

*Sharon Bost et al. v. Wexford Health Services Inc., et al.*, Civil No. ELH-15-3278
March 7, 2023
Page 2

The United States Court of Appeals for the Fourth Circuit has explained that "net worth is calculated by subtracting total liabilities from total assets." *Broaddus v. U.S. Army Corps of Engineers*, 380 F.3d 162 (4th Cir. 2004). Defendants here assert that on February 26, 2023, Wexford produced its Audited Consolidated Financial Statements for 2020 and 2021. ECF No. 656 at 2. In addition to balance sheets, these statements include:

> [A] consolidated statement of operations that shows revenue and expenses for 2020 and 2021; consolidated statements of changes in shareholders' deficit; and a consolidated statement[] of cash flows. It further includes a detailed explanation of the statement, including an organization of description of business; summary of significant accounting policies; major customers and geographical concentrations; lines of credit; notes payable; general and professional liability insurance; description of employee retirement plan; shareholders' equity during the relevant time; and relevant events subsequent to the audit.

*Id.* at 13. This information is more than sufficient to calculate Wexford's current net worth. Plaintiffs' requests for more involved financial calculations are simply not narrowly tailored to the needs of this case.[2]

Accordingly, Plaintiffs' Emergency Motion to Compel Production of Punitive Damage Discovery (ECF No. 653) is DENIED.

Despite its informal nature, this is an ORDER of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge

---

[2] The Court recognizes that in the context of punitive damages, tax returns can sometimes "provide information as to a defendant's net worth." *Susko v. City of Weirton*, No. 5:09-CV-1, 2010 WL 3584425, at *4 (N.D.W.Va. Sept. 10, 2010). Here, however, such information is not necessary given the purported detailed nature of Wexford's Audited Consolidated Financial Statements.